No. 2399

Second Circuit

---

COX v. MAGNOLIA GAS CO.

---

(March 14, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Negligence—Par. 10, 41; Master and Servant—Par. 164.**

The burden of proof is on the plaintiff to prove that a fire had been negligently set out by the servants of the defendant acting within the scope of their employment and negligently permitted to spread to defendant's property.

2. **Louisiana Digest—Evidence—Par. 42, 52.**

The failure of defendants to call all persons who may have known of the circumstances of the case could not supply the want of affirmative proof, the burden of which was on the plaintiff.

Appeal from the Second Judicial District Court of Louisiana, Parish of Webster. Hon. John S. Richardson, Judge.

Action by Levi C. Cox, et al., against Magnolia Gas Company, et al.

There was judgment for defendant and plaintiffs appealed.

Judgment affirmed.

Hays & McInnis; McInnis & Campbell, of Minden, attorneys for plaintiffs, appellants.

Pugh & Boatner; B. A. Irwin, of Shreveport, attorneys for defendants, appellees.

WEBB, J.  The plaintiffs brought this action to recover damages for the destruction of fences and crops alleged to have resulted from the negligence of defendants when constructing a pipe-line on adjoining lands which were under the same enclosure as the property of plaintiffs; it being specifically alleged that defendants had torn down the fence and set out fire on the adjoining property, which destroyed the fence protecting the property and that cattle had come upon the premises and destroyed the crops, and that the fire had spread to plaintiffs' property, burning over pasture lands and destroying fences thereon.

The plaintiffs appeal from a judgment rejecting their demands, and it is urged that the court erred in weighing the evidence offered by the respective parties.

Relative to the proof of the allegations that a fire had been set out by the defendants, and that it had spread to plaintiffs' property, the only testimony indicating that a fire had been set out by defendants is the testimony of one of the plaintiffs who stated that on the date of the fire and during the time defendants were building the pipe-line, he had seen a fire on the adjoining premises and some persons near the fire, but there is not any testimony that the fire the witness claimed to have seen had spread to plaintiffs' premises, or destroyed the fences on either of the properties, unless it may be presumed that it had spread from the fact of the fence on plaintiffs' property being burned.

It was incumbent upon the plaintiffs to prove with legal certainty that a fire had been negligently set out by the servants of defendants acting within the scope of their employment (Higdon vs. W. R. Pickering Lumber Co., 148 La. 504, 87 South. 252; LeBreton vs. Kennedy, 27 La. Ann. 32; R. C. L. vol. XII, page 942, No. 2), and negligently permitted to spread (R. C. L. vol. XI, page 955, No. 13). If we could assume that the fire which the witness claimed to have observed on' the neighboring premises had spread and destroyed the fences, in order to hold defendants responsible, we would have also to presume that the person who the witness claimed to have seen near the fire was the employee of defendant and that he had, acting in the scope of his employment, negligently set out the fire or permitted it to spread.

The only reason which is suggested for any such presumption is that the defendants had not called all of their employees who had assisted in the work of laying the pipe-line; however, the witnesses for plaintiffs fixed the date of the fire some three weeks prior to the time the preponderance of the evidence establishes that the pipe-

line was laid, and we do not think that the failure of defendants to call all persons who assisted in laying the pipe-line could supply the want of affirmative proof.

The evidence on the part of plaintiffs as to the fence on the adjoining property, being removed and not being replaced by defendants, when laying the pipe-line, is very vague and indefinite, while the evidence offered by defendants was that the fence had been immediately replaced; and besides the evidence indicates that the plaintiffs' property had been left exposed to marauding cattle by the destruction of the fence by fire at about the same time it is claimed the fence on the adjoining property was torn down by the defendants, and if it had been proven that the defendants had left gaps in the fence, it could not be said such action was the proximate cause of the damage to the crops which were already exposed.

From our review of the record we find that the judgment appealed from is correct and it is affirmed.